## Wilson License

*Cassin W. Craig*, for appellant.
*Daniel L. Quinlan, Jr.*, for Commonwealth.

KNIGHT, P. J., October 20, 1955.—On January 13, 1955, appellant was involved in a motor vehicle accident on Second Street in Philadelphia. He was arrested, taken before a magistrate and held under bail for court on a charge of driving while under the influence of intoxicating liquor.

On June 1, 1955, a hearing was held before a representative of the Secretary of Revenue which was attended by appellant.

On July 12, 1955, appellant was notified by the Secretary of Revenue that his operator's privilege had been suspended for six months for reckless driving.

At the hearing in the matter in this court, the Secretary of Revenue offered no testimony, but called the appellant for cross-examination. From the evidence thus adduced the following facts are found:

I. Appellant has been driving a motor vehicle for eight years. In 1954 his operator's privilege was suspended for speeding.

II. On January 13, 1955, about 10 p.m., appellant was driving north on Second Street in Philadelphia. He thought he saw a person step off the curb in front of him and veered to his left, striking a car coming in the opposite direction. The collision occurred in the middle of the street. Appellant's insurance company paid approximately $700 for personal injuries and property damage to the other car and its occupants.

III. Appellant was arrested at the scene, taken before a magistrate and held under bail for court on the charge of driving while under the influence of liquor. The case has not been disposed of as yet by the Philadelphia courts.

We can find no reckless driving in this case, unless, indeed, appellant was under the influence of intoxicating liquor. On that question appellant testifies he was not under the influence, although he admits having three of four beers and a sandwich before the accident.

So far as the criminal charge is concerned, appellant also has with him the presumption of innocence.

On this evidence we can do no other than set aside the suspension.

There is an additional reason why the suspension should be set aside. If appellant is found not guilty in Philadelphia of driving while under the influence, then there is no evidence at all of reckless driving.

On the other hand, if he is found guilty, then his operating privilege will automatically be revoked for one year. If the suspension stands and the revocation is imposed, he will be without his operating privilege for 18 months, or six months longer than the law provides for driving while under the influence.

And now, October 20, 1955, after hearing, the appeal of Charles Wilson is sustained, the decision of the Secretary of Revenue suspending the operating privilege of the said Charles Wilson is reversed and set aside.